FILED & ENTERED

APR 03 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> REYNA MARIA TAYLOR, <br><br><br><br> Debtor. | Case No. 2:17-bk-22722-RK <br><br> Chapter 7 <br><br> **SEPARATE STATEMENT OF DECISION ON ALLEGED DEBTOR'S MOTION FOR ORDER DISMISSING AMENDED INVOLUNTARY BANKRUPTCY PETITION** <br><br> Date:   March 6, 2018 <br> Time:   2:30 p.m. <br> Courtroom:   1675 |

    By separate order being filed and entered concurrently herewith, the court grants the motion of alleged debtor, Reyna Maria Taylor, for an order dismissing the amended involuntary bankruptcy petition of petitioning creditor, Stephen Forde, against her.  The motion was heard before the court on March 6, 2018.

    As stated by the court in its oral ruling at the hearing on March 8, 2018 and in its tentative ruling posted online on the court's website for the hearing (copy of the tentative ruling is attached hereto), the court grants the motion of alleged debtor to dismiss the amended involuntary bankruptcy petition because petitioning creditor has not met his

-1-

burden of showing that no bona fide dispute exists as to the debt he claims is owed to him by the alleged debtor under 11 U.S.C. § 303(b)(1). *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002).

Petitioning creditor's evidence filed in opposition to the motion to dismiss the amended involuntary bankruptcy petition consisted of copies of proof of payment of the obligations allegedly owed by the alleged debtor to him without substantiating that she has any contractual or legal obligation to repay or reimburse him.  Petitioning creditor did not make a showing of proof of any obligation jointly owed by him and the alleged debtor for which he allegedly advanced payment.  There were only petitioning creditor's requests for reimbursement to alleged debtor, and nothing from the parties to whom he and alleged debtor were allegedly obligated, including the County Tax Assessor, the secured lender or its servicer for the loan on the subject real property.  These were defects that the court had identified in its order of December 11, 2017 granting in part and denying in part the alleged debtor's motion to dismiss the original involuntary bankruptcy petition which granted petitioning creditor leave to amend to correct these defects.  However, petitioning creditor did not correct these defects in his amended involuntary bankruptcy petition.

Thus, the court concluded that petitioning creditor in his amended involuntary bankruptcy petition had not even made a prima facie showing that the alleged debtor is generally not paying her debts as they become due under 11 U.S.C. § 303(h).  A finding that a debtor is generally not paying its debts requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few unpaid debts. *In re Vortex Fishing Systems, Inc.*, 277 F.3d at 1072.  Here, the amended involuntary bankruptcy petition only alleges that the alleged debtor was delinquent in paying the property taxes for her residence, but an exhibit attached to the petition showed that alleged debtor was current on her property taxes at the time that the original involuntary petition was filed, not to mention that this was a single previously unpaid debt, and not any general showing of her financial condition and debt structure,

1  and thus, there is a bona fide dispute as to the debt claimed by petitioning creditor is
2  owed to him by the alleged debtor.  Therefore, the court concluded that the amended
3  involuntary bankruptcy petition should be dismissed for failure to state a claim upon
4  which relief can be granted.  Federal Rule of Civil Procedure 12(b)(6); Federal Rules of
5  Bankruptcy Procedure 7012 and 9014.
6      At the hearing on the motion on March 6, 2018, the court also stated in its oral
7  ruling that the motion should be granted on abstention grounds pursuant to 11 U.S.C. §
8  305(a)(1) which authorizes the court to abstain if "the interests of the creditors and the
9  debtor would be better served by dismissal of suspension. . . ."  This involuntary
10 bankruptcy case is based on a settlement agreement resolving litigation in the Superior
11 Court of California for the County of Los Angeles between five investors in real estate
12 transactions, which include petitioning creditor, alleged debtor, alleged debtor's
13 husband, Randall ("Randy") Taylor, Steve Hawrylack and Carol Unruh, successor-in-
14 interest to Thomas Brazil.  As detailed in the moving papers, particularly, the pleadings
15 and orders in the alleged debtor's request for judicial notice, there were and are multiple
16 lawsuits in state court between these parties (ten lawsuits by alleged debtor's count),
17 including a pending state court receivership action between these parties involving
18 several parcels of jointly owned real property, and multiple involuntary bankruptcy
19 petitions by petitioning creditor and his allies, Brazil and Unruh, against alleged debtor,
20 her husband and Hawrylack, which have been dismissed on abstention grounds in light
21 of the state court litigation between these parties.  Based on this history of litigation
22 between these parties, the resolution of their disputes which emanated from their
23 settlement agreement reached in state court litigation, for which there are already
24 pending lawsuits, should be accomplished there, and it appears based on this record,
25 petitioning creditor is "forum shopping" by bringing this action against the alleged debtor
26 due rulings adverse to him in the related state court receivership action.  Thus, this
27 court reaches the same result as other judges of this court in abstaining from hearing
28 the involuntary bankruptcy petitions of some of these joint real estate venturers against

other joint real estate venturers because any dispute that petitioning creditor has against his joint real estate venturers arising out of the state court settlement agreement should be resolved in state court with his other disputes with them.

The foregoing is adopted as the court's ruling on the motion in addition to the statements it made in its oral ruling at the hearing on March 6, 2018 and in its tentative ruling posted for the motion before the hearing.

IT IS SO ORDERED.

###

Date: April 3, 2018

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING

Grant motion of alleged debtor to dismiss because petitioning creditor has not met his burden of proving that no bona fide dispute exists as to the debt he claims is owed to him by debtor under 11 U.S.C. 303(b)(1). In re Vortex Fishing Systems, Inc., 277 F.3d 1057, 1064 (9th Cir. 2002). His evidence consists of copies of proof of payment of alleged obligations without substantiating that alleged debtor has a contractual or legal obligation to repay or reimburse him. There is no showing of proof of any obligation jointly owed by him or alleged debtor for which he allegedly advanced payment. There are only his requests for reimbursement, and nothing from parties to whom he and alleged debtor were allegedly obligated, including the County Tax Assessor, the secured lender or its servicer.

Moreover, petitioning creditor has not even made a prima facie showing that the alleged debtor is generally not paying her debts as they become due under 11 U.S.C. 303(h). A finding that a debtor is generally not paying its debts requires a more general showing of the debtor's financial condition and debt structure than merly establishing the existence of a few unpaid debts. In re Vortex Fishing Systems, Inc., 277 F.3d at 1072. Here, the petition only alleges that alleged debtor is delinquent in paying the property taxes for her residence, but an exhibit attached to the petition shows that alleged debtor is current on her property taxes, not to mention that this is a single previously unpaid debt and not any general showing of her financial condition and debt structure.

Appearances are required on 3//6/18, but counsel and self-represented parties may appear by telephone in accordance with the court's telephone appearance procedures (posted online on the court's website).